Frank KUEHNER, et al.

v.

Richard S. SCHWEIKER, et al.

C. A. No. 82–1839.

United States District Court, E. D. Pennsylvania.

July 30, 1982.

Jonathan M. Stein, Philadelphia, Pa., for plaintiffs.

John O. J. Shellenberger, Deputy Atty. Gen., Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

This action involves issues concerning review of disability cases to ascertain whether the recipients are currently disabled as defined by law. The plaintiffs bring this action on behalf of a class of all Pennsylvania Social Security Disability Insurance (SSDI) and Supplemental Security Income (SSI) Disability beneficiaries whose benefits have been terminated or are threatened with termination. The plaintiffs challenge the standards employed in conducting these reviews and claim that they are violative of the Social Security Act and the Due Process guarantees of the Constitution. Their claims rest on the following four grounds by which defendants have allegedly errone-ously and illegally terminated or threatened to terminate plaintiffs and their class members from receipt of SSDI or SSI benefits by failing:

(a) to determine whether substantial medical improvement has occurred;

(b) to allow presumptive effect to prior determination of disability;

(c) to develop fully and to accord appropriate weight to evidence from treating medical personnel; and

(d) to follow a proper sequential disability evaluation process, including consideration of medical equivalence, combination of impairments, pain, and residual functional capacity.

On these grounds, plaintiffs seek a declaration that the standards applied and procedures followed in determining that the terminations of benefits are erroneous and illegal, and seek an injunction barring defendants from terminating benefits in such cases. The defendants move for an order of dismissal of the action for lack of subject matter jurisdiction. We grant defendants' motion and direct plaintiffs to pursue their available and adequate administrative remedies.

The plaintiffs assert that this court has jurisdiction to hear their claims under 42 U.S.C. 405(g). This section provides for judicial review of a final decision of the Secretary made after a hearing by commencement of a civil action within sixty days after notice of the decision. *Weinberger v. Salfi*, 422 U.S. 749, 763, 95 S.Ct. 2457, 2465, 45 L.Ed.2d 522 (1975). The requirement that there shall have been a decision of the Secretary which was "final" and "made after a hearing" was found to be central to the grant of subject matter jurisdiction by a court. *Id.* at 764, 95 S.Ct. at 2466. This administrative exhaustion requirement assures that the agency functions efficiently and has an opportunity to correct its own errors, as well as affords the parties and courts the benefit of its experience and expertise and its compilation of a record which is adequate for judicial review. *Id.* at 765, 95 S.Ct. at 2466.

The initial determination of what constitutes a "final" decision is left to the Secretary, as is the determination of when full exhaustion of internal review procedures is not necessary to meet the requirement of a "final" decision under 405(g). As the Supreme Court stated in *Weinberger v. Salfi, supra,* at 765–767, 95 S.Ct. at 2466–2467, where the Secretary has satisfied himself that the claim is neither otherwise invalid nor otherwise cognizable under another statutory provision and that the only issue is constitutional, he may voluntarily waive the exhaustion prerequisite. This determination is left to the Secretary since ultimate responsibility for the integrity of the administrative program is his. In the case *sub judice,* plaintiffs' claims are both factual and legal, disputing findings of fact and applications of statutory and regulatory law. The Secretary has determined that these claims should be pursued according to the administrative process and that a record should be compiled according to such process. Upon a finding that plaintiffs' claims are valid, the Secretary would then confer the relief plaintiffs sought—that they are entitled to continue to receive disability benefits. If the Secretary were to find that the claims were invalid, then the court and parties would have a fully compiled record for adequate review. For these reasons, the Secretary refuses to waive the statutory requirement of exhaustion of remedies.

Neither is this an instance in which the exhaustion requirement would be appropriately waived by the court. Such judicial waiver has occurred in the past where the action involved a constitutional challenge which was collateral to the substantive claim of entitlement. *Mathews v. Eldridge,* 424 U.S. 319, 330, 96 S.Ct. 893, 900, 47 L.Ed.2d 18 (1975). The judicial waiver has not been allowed where the action is directed towards upsetting the determination of the Secretary on the merits, as it is clearly not collateral to the substantive claim and exhaustion is required under 405(g). *Humana of South Carolina, Inc. v. Califano,* 590 F.2d 1070 (D.C.Cir.1978). This is equally so where the challenge is a constitutional one to statutory provisions limiting the availability of benefits and where the challenge is on the merits to limitations on benefits imposed by regulations. *Id; Rhode Island Hospital v. Califano,* 585 F.2d 1153 (1st Cir. 1978). In the recent case of *Humana,* the Court of Appeals for the District of Columbia Circuit refused to consider statutory and constitutional contentions challenging regulations limiting reimbursement. The court held that the statutory and constitutional claims consisted of a grievance respecting the amount of reimbursement due and was "unmistakably directed at upsetting on the merits the Secretary's determination." Therefore, the grievance must first be submitted for any administrative processing available under the Act's procedures. *Id.,* at 1079. *Accord, Rhode Island Hospital v. Califano, supra,* at 1158–1159. The *Humana* court further held that the district court, refusing to order the requested retroactive corrective adjustments, but instead directing an administrative redetermination of the acceptable level of remedies, could not alter the essential character and objective of the suit nor the need for prior resort to the administrative process. *Humana of South Carolina, Inc. v. Califano, supra,* at 1080. The case *sub judice* is similar in that plaintiffs' claims consist of a grievance respecting the benefits due, namely that plaintiffs should continue to receive benefits, and is directed at upsetting the merits of the Secretary's determination. Their constitutional claims are inextricably intertwined with these grievances. They are not collateral. Such claims should be submitted for any administrative processing available under the Social Security Act.

Because the exhaustion requirement is "something more than simply a codification of the judicially developed doctrine of exhaustion which cannot be disposed of by merely a judicial conclusion of futility," *Weinberger v. Salfi, supra* at 766, it cannot be excused by a claim that the administrative process is unlikely to be resolved in favor of plaintiffs. Neither can it be disposed of by a claim of delayed review. *Bob Jones University v. Simon,* 416 U.S. 725,

747, 94 S.Ct. 2038, 2051, 40 L.Ed.2d 496 (1974). Both of these conditions, even if present, do not persuade this court to waive the exhaustion requirement in the case *sub judice.*

For the court to circumvent the exhaustion requirement and review plaintiffs' individual claims would impose an impossible burden of proof upon the Secretary. To disprove such a claim, the Secretary would be required to prove that the evaluative procedures were followed in each individual case without the benefit of a full administrative record and background on claimants typically developed when the administrative process runs its full course. For the court to circumvent the process and review *en masse* plaintiffs' claims without regard to the specific facts of each individual's case, contradicts the statute's demand that "disability claims be evaluated on a case-by-case method, taking into account each applicant's peculiar characteristics." *Santise v. Schweiker,* 676 F.2d 925, 930 (3d Cir. 1982).

Such dangerous and unwarranted results further support the requirements of 405(g) and the proposition that a judicial review of the Secretary's actions is exclusive and cannot be circumvented by resort to the general jurisdiction of the district courts. Surely, the language of 405(g) does not suggest that Congress in 1939 thought it was establishing procedures to be used in class actions challenging the constitutionality of the provisions of the Act or of procedures adopted by the Secretary, and seeking broad injunctive and declaratory relief. *Ellis v. Blum,* 643 F.2d 68, 74 (2d Cir. 1981).

Alternatively, plaintiffs assert that this court has a jurisdictional basis under the mandamus statute, 28 U.S.C. § 1361. However, this section provides mandamus jurisdiction only where there are "extraordinary circumstances." *Kerr v. United States District Court,* 426 U.S. 394, 402–403, 96 S.Ct. 2119, 2123–2124, 48 L.Ed.2d 725 (1976); *State Board of Education v. Fox,* 620 F.2d 578, 579 (6th Cir. 1980). The party seeking such jurisdiction must have "no other adequate means to attain the relief he desires." *Kerr v. Unit-*

ed States District Court, *supra* at 403. *See also, Kennecott Copper Corp., Nevada Mines v. Costle,* 572 F.2d 1349, 1356 (9th Cir. 1978); *Haneke v. Secretary of HEW,* 535 F.2d 1291, 1296 n. 15 (D.C.Cir.1976); 1 *Moore's Federal Practice,* ¶ 0.62[17], at 700.-51. In the case *sub judice,* plaintiffs have not satisfied the criteria for the extraordinary remedy of mandamus. The plaintiffs have other ample and available means by which to have their claims reviewed, such as the administrative procedures of an Administrative Law Judge hearing and an Appeals Council review, and such as judicial review pursuant to 405(g) with the benefit of an administrative record.

The plaintiffs' assertion of jurisdiction under 28 U.S.C. § 1343 over State defendants must also fail. Section 1343 requires that persons have acted "under color of any state law, statute, ordinance, regulation, custom or usage," for jurisdiction to be established. The State defendants administering the disability benefits program have acted under color of federal law as mere agents of the Secretary and have not acted under color of any State law or statute in the case *sub judice. Ellis v. Blum, supra* at 74.

Lastly, the assertion of pendant jurisdiction must fail. The doctrine of pendant jurisdiction is applicable only where there is a federal claim and a state claim. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725–726, 86 S.Ct. 1130, 1138–1139, 16 L.Ed.2d 218 (1966). As previously stated, there is neither a federal nor state claim in the case *sub judice* at this time.